**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                             CASE NO: 8:22-cr-94-MSS-UAM

**JEONG SUH,**

    Defendant.

_____

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendant Jeong Suh's Unopposed Motion for Early Termination of Probation. (Dkt. 71) On May 11, 2023, Suh was sentenced to a total term of 24 months' probation and was assessed a fine of $5,000 after he pleaded guilty to one count of trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a)(1). (Dkt. 65) Suh paid the fine and all other criminal monetary penalties immediately after sentencing. (Dkt. 67) He has complied with all conditions of probation and supervision, including maintaining full-time employment and reporting to United States Probation Office as instructed. (Dkt. 65) Suh seeks early termination of his term of probation. Neither his probation officer nor counsel for the government oppose early termination. (Dkt. 71 at 2)

    The Court may terminate a term of probation after the expiration of one year of probation under 18 U.S.C. § 3564(c) if, after consideration of the factors set forth in §

3553(a), the Court is satisfied that termination is warranted by the defendant's conduct and the interest of justice. The § 3553(a) factors include, in relevant part,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . (4) the kinds of sentence and the sentencing range established for—(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Here, Suh has served more than a year of probation. (See Dkt. 69) Additionally, the sentencing range applicable to Suh at the time of sentencing was 18 to 24 months' imprisonment or 12 to 60 months' probation. (See Dkt. 66 at 1; Dkt. 59 at 14) Therefore, Suh's service of a 12-month term of probation afforded adequate deterrence to criminal conduct and protected the public. See § 3553(a)(2). Moreover, Suh's conduct justifies early termination. Suh has no criminal history other than the offense to which he pleaded guilty in this case and has no history of violent crime. Since his sentencing, Suh has complied with all conditions of probation and supervision. The Court finds, therefore, Suh's conduct warrants early termination. See § 3564(c).

Accordingly, it is hereby **ORDERED** that Defendant's Unopposed Motion for Early Termination of Probation, (Dkt. 71), is **GRANTED, effective immediately**.

**DONE and ORDERED** in Tampa, Florida, this 28th day of May 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies to:**  Counsel of Record
U.S. Marshal Service
U.S. Probation Office
U.S. Pretrial

3